Joseph Patrick Thomas DOHERTY,
Plaintiff-Appellant,

v.

UNITED STATES DEPARTMENT OF JUSTICE, William French Smith, Individually and as Attorney General; Roger B. Clegg, Individually and as Acting Assistant Attorney General, United States Department of Justice, Washington, D.C. 20530; James K. Hall, Individually and as Chief of the Freedom of Information Privacy Acts Section, Records Management Division, Federal Bureau of Investigation, United States Department of Justice, Washington, D.C. 20535; and Lee F. Laster, Individually and as Assistant Director In Charge, Federal Bureau of Investigation, United States Department of Justice, Federal Bureau of Investigation, 26 Federal Plaza, New York, N.Y. 10278, Defendants-Appellees.

No. 85–2166.

United States Court of Appeals,
Second Circuit.

Argued Sept. 20, 1985.
Decided Oct. 15, 1985.

Mary Boresz Pike, New York City (Somerstein & Pike, New York City), for plaintiff-appellant.

Thomas E. Moseley, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty., New York City, of counsel), for defendants-appellees.

Before OAKES and JON O. NEWMAN, Circuit Judges, and MILTON POLLACK, Senior District Judge.*

MILTON POLLACK, Senior District Judge:

Joseph Patrick Thomas Doherty ("Doherty") appeals from a summary judgment of the Southern District of New York, Charles L. Brieant, Judge, dismissing Doherty's suit, filed pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (1982) for disclosure of documents from the files of the FBI. The District Court upheld the Government's claims of statutory exemptions. Doherty challenges the applicability of the exemptions on the ground that the Government's affidavits lack the specificity required to satisfy its burden of proof. He contends that the District Court should have undertaken an *in camera* review of the disputed documents or, at a minimum, required a more particularized justification from the Government.

We affirm the District Court's decision to grant summary judgment, finding that the

---

* Honorable Milton Pollack, Senior United States District Judge for the Southern District of New York, sitting by designation.

Government's affidavits sufficiently demonstrate that the exemptions apply.

## BACKGROUND

This case arises out of a FOIA request partially rejected by the Government pursuant to exemptions set forth in 5 U.S.C. §§ 552(b)(1), (b)(7)(C), (b)(7)(D), and (b)(7)(E). On July 5, 1983, pursuant to the FOIA, Doherty sought copies of all documents retrievable in a search for files listed under his name from the Washington and New York City offices of the FBI. After the New York office initially responded that it had not located documents filed under Doherty's name, the Washington office of the FBI advised plaintiff's attorney that it had located such documents in both Washington and New York. The FBI thereupon denied the request, asserting a blanket claim of exemption from disclosure under 5 U.S.C. § 552(b)(7)(A). Doherty filed an administrative appeal with the Department of Justice, which affirmed the withholding.

Doherty then filed this lawsuit pursuant to 5 U.S.C. § 552(a)(4)(B) to obtain the documents. The Government moved to dismiss the action on the basis that as an illegal alien, Doherty had no standing to sue under the FOIA. The District Court denied the motion, holding that the status of the requester is irrelevant in a FOIA case. *Doherty v. Department of Justice*, 596 F.Supp. 423 (S.D.N.Y.1984).

The Government subsequently released some of the documents requested with substantial deletions (168 pages) and continued to withhold the rest (128 pages), asserting that the withheld portions were exempt from disclosure pursuant to 5 U.S.C. §§ 552(b)(1), (b)(7)(C), (b)(7)(D), and (b)(7)(E). The Government submitted affidavits by FBI agents Peterson and Scheuplein to support its claims of exemption and moved for summary judgment. Doherty opposed the motion and made a cross-motion requesting an *in camera* review of the disputed documents or, in the alternative, a more particularized justification.

The District Court granted the Government's motion for summary judgment and denied the cross-motion, stating that the "application of these statutory exemptions to the matter appears facially reasonable and is adequately explained...." Judge Brieant focused on the (b)(1) exemption and concluded that disclosure of the balance of the documents would adversely affect national security. This appeal followed.

## DISCUSSION

Doherty is a member of the Provisional Wing of the Irish Republican Army ("PIRA"). He was on trial in Northern Ireland for murder and attempted murder of a British army captain and for illegal possession of firearms and ammunition. During his trial, Doherty escaped from prison in Belfast. He was convicted *in absentia* of the crimes mentioned above, and of belonging to the PIRA, a proscribed organization. Doherty was sentenced to a life term in prison. *See In re Requested Extradition of Doherty*, 599 F.Supp. 270, 272 (S.D.N.Y.1984). By using a false passport, he then illegally entered this country. Doherty's extradition was requested and in that proceeding, the judge specifically found that Doherty's acts were of a political character, committed to further the purposes of the PIRA. *See id.*, at 277.

We need not reach the question of Doherty's standing to request documents under the FOIA because, under the circumstances, the merits of denying disclosure are sufficiently demonstrated by the Government's affidavits. The affidavits submitted make out a sufficient case for exemption. *See Lead Industries Association v. OSHA*, 610 F.2d 70, 87–88 (2d Cir. 1979). They describe with reasonable specificity the information withheld and the justifications for nondisclosure. *See Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir.1981).

The Government properly withheld documents containing foreign government information, information concerning intelligence activities, sources, and methods

pursuant to exemption (b)(1).[1] The Peterson affidavit indicates that these documents were properly classified pursuant to Executive Order 12356. It also describes the information withheld and the potential harm to national security which would result from disclosure. *See Weissman v. CIA*, 565 F.2d 692, 697 (D.C.Cir. 1977). Given the substantial weight to which agency classification decisions are entitled, *see Lesar v. Department of Justice*, 636 F.2d 472, 481 (D.C.Cir.1980), the district court could properly accept this claim.

■ The Government's claims of exemption under (b)(7) were proper. Identities of FBI agents, of FBI non-agent personnel, of employees of the Immigration and Naturalization Service, and of third-parties in whom the FBI has an investigatory interest are embraced by exemption (b)(7)(C).[2]

■ In addition, it was appropriate for the Government to withhold both the identity of and the information obtained from confidential sources and to withhold information which would disclose investigative techniques not generally known to the public, pursuant to exemptions (b)(7)(D)[3] and (E),[4] respectively.

■ The Scheuplein affidavit adequately justifies the Government's claims under these exemptions.[5] This affidavit describes the type of material withheld and explains the rationale for nondisclosure. A more particularized justification would require revealing material which the statute specifically exempts from disclosure or information from which inferences of such material could be deduced. *See Lesar*, 636 F.2d at 481; *Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C.Cir.1973).

■ Doherty also asserts that *in camera* review of the documents was necessary in this case to determine whether segregable portions of the documents could be disclosed. Congress left it in the Court's discretion to determine whether or not to undertake *in camera* review. *See Military Audit Project v. Bush*, 418 F.Supp. 876, 879 (D.C.Cir.1976).

Moreover, this Court has previously held that where the Government's affidavits on their face indicate that the documents withheld logically fall within the claimed ex-

---

1. Exemption (b)(1) pertains to information that is specifically authorized by an Executive order to be kept secret in the interest of national security and that is properly classified pursuant to the Executive order.

2. Exemption (b)(7)(C) covers investigatory records compiled for law enforcement purposes to the extent that they constitute an unwarranted invasion of personal privacy. This exemption protects the identities of investigative agents and of individuals under investigation or of investigatory interest. S.Rep. No. 1200, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Ad.News 6267, 6291.

3. Exemption (b)(7)(D) pertains to investigatory records compiled for law enforcement purposes that disclose the identity of confidential sources and, if the information is compiled in the course of a criminal investigation or a national security intelligence investigation, disclose information furnished by the confidential sources.

4. Exemption (b)(7)(E) covers investigatory records that disclose investigative techniques and procedures not generally known to the public.

5. To come within the scope of exemption (b)(7), the documents withheld must satisfy the threshold test of constituting investigative records compiled for law enforcement purposes. Some courts have held that this initial requirement is automatically satisfied for the records of law enforcement agencies, such as the FBI. *See, e.g., Irons v. Bell*, 596 F.2d 468, 474–76 (1st Cir.1979). Other courts have refused to exempt the files of law enforcement agencies from this requirement, although they ordinarily apply a more deferential standard to the files of such agencies. *See, e.g., Pratt v. Webster*, 673 F.2d 408, 419 (D.C.Cir.1982) (holding that there must be a rational connection between the object of the investigation and the asserted law enforcement duty); *Lamont v. Department of Justice*, 475 F.Supp. 761, 773 (S.D.N.Y.1979) (holding that the investigation must be conducted pursuant to a good faith belief that the object of the investigation violated the law). Given Doherty's overseas activities, the FBI could reasonably have concluded that Doherty constituted a threat to national security and, thus, the FBI files on him clearly constitute investigative records compiled for law enforcement purposes.

**53**

emptions and there is no doubt as to agency good faith, the court should restrain its discretion to order *in camera* review. *See Lead Industries,* 610 F.2d at 87–88. *See also Bell v. United States,* 563 F.2d 484, 487 (1st Cir.1977).

Disclosable information cannot be easily separated from that which is exempt without compromising the secret nature of the information. The fact that there may be some nonexempt matter in documents which are predominantly exempt does not require the district court to undertake the burdensome task of analyzing approximately 300 pages of documents, line-by-line. *See Lead Industries,* 610 F.2d at 88. *See also Weissman v. CIA,* 565 F.2d 692, 697–98 (D.C.Cir.1977). The affidavits submitted provide an objective verification in support of the FBI's decision to deny disclosure of documents containing intelligence information and material supplied by confidential sources and foreign governments and pertaining to a foreign terrorist, involved in foreign political activities and illegally in this country.

### CONCLUSION

The Government's affidavits, under the circumstances of this case, provide an adequate factual basis to support its claims of exemption and thus, the District Court did not err in granting summary judgment without undertaking an *in camera* review of the documents. Accordingly, the judgment of the District Court is

*Affirmed.*